UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLYDE WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  4:06CV1493 FRB |
| ) | |
| INTERNAL REVENUE SERVICE, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Presently pending before the Court is defendants' Motion to Dismiss (filed December 8, 2006/Docket No. 2). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff Clyde Williams brings this cause of action pro se against defendant Internal Revenue Service (IRS) and IRS Agent Michael Bitner alleging that the IRS has unlawfully garnished his wages and placed Notices of Levy on his checking and savings accounts to recover a deficiency in federal taxes allegedly owed. Plaintiff contends that compensation for labor does not constitute taxable income under the United States Constitution and Supreme Court precedent, and that therefore his self-assessment of having "zero" income and reporting no income for tax purposes was, and continues to be, proper. Plaintiff seeks recovery of monies garnished and/or levied by the IRS in an amount totaling not less than $25,945.00 and further requests that the IRS be enjoined from

future collections.  Defendants now move to dismiss plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1), arguing that this Court lacks subject matter jurisdiction over plaintiff's claims inasmuch as plaintiff failed to exhaust administrative remedies relating thereto.  Plaintiff has not responded to the motion.

Section 7422(a) of Title 26 of the United States Code provides that

> [n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

Title 28 U.S.C. § 1346(a)(1) "operates in conjunction with 26 U.S.C. § 7422 to provide a waiver of sovereign immunity in tax refund suits . . . when the taxpayer has fully paid the tax and filed an administrative claim for a refund." Shanbaum v. United States, 32 F.3d 180, 182 (5th Cir. 1994); see also United States v. Dalm, 494 U.S. 596, 601-02 (1990); United States v. Michel, 282 U.S. 656, 658 (1931).  The filing and exhaustion of an administrative claim for refund with the Secretary of the Treasury pursuant to the Internal Revenue Code and its regulations is a jurisdictional prerequisite to bringing a tax refund suit in

district court. See Porter v. Fox, 99 F.3d 271, 274 (8th Cir. 1996); see also Sigmon v. Southwest Airlines Co., 110 F.3d 1200, 1203 (5th Cir. 1997). Plaintiff bears the burden of demonstrating that all jurisdictional prerequisites have been met. See Jones v. Gale, 470 F.3d 1261, 1265 (8th Cir. 2007) (plaintiff has burden of establishing subject matter jurisdiction); Maruska v. United States, 77 F. Supp. 2d 1035, 1037-38 (D. Minn. 1999) (plaintiffs must affirmatively demonstrate that conditions and requirements to establish subject matter jurisdiction in tax refund suit have been met).

In the instant cause, plaintiff has failed to allege that he has filed a proper administrative claim for refund with the IRS. Nor has plaintiff contested defendants' assertion that such a claim has not been filed. Because plaintiff has failed to demonstrate that the jurisdictional prerequisites to the maintenance of this suit have been met, this Court lacks subject matter jurisdiction over plaintiff's claim for recovery of tax monies collected by the IRS through levy and garnishment procedures.

With respect to plaintiff's claim against Agent Bitner, 26 U.S.C. § 7433(b) permits the recovery of damages from an officer or employee of the IRS who "recklessly or intentionally, or by reason of negligence disregards" the tax laws or regulations and engages in unauthorized collection activities. See 26 U.S.C. § 7433(a). However, 26 U.S.C. § 7433(d)(1) states that "[a] judgment

for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."  The plaintiff here does not contest that he has failed to file any administrative claim relating to Agent Bitner's actions.  Broadly construing plaintiff's Complaint to allege a Bivens[1] action against Agent Bitner, the law does not allow such an action for monetary damages arising out of the performance by federal agents of their official duties.  Porter, 99 F.3d at 274; Vennes v. An Unknown Number of Unidentified Agents of the United States, 26 F.3d 1448, 1453-54 (8th Cir. 1994).  Plaintiff's claim against Agent Bitner should therefore be dismissed.

Finally, to the extent plaintiff seeks to prohibit the IRS from collecting any tax in the future, such action is expressly barred under 26 U.S.C. § 7421(a):

> Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436,[2] no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics, 403 U.S. 388 (1971).

[2] None of which are applicable here.

In view of this express statutory language and plaintiff's failure to establish that any exceptions exist in this cause, this Court lacks subject matter jurisdiction to grant the injunctive relief requested by plaintiff.  See Speelman v. United States, 461 F. Supp. 2d 71, 75 (D.D.C. 2006).

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that defendants' Motion to Dismiss (Docket No. 2) is granted.

**IT IS FURTHER ORDERED** that plaintiff's claims are hereby dismissed for lack of subject matter jurisdiction.

_____
UNITED STATES MAGISTRATE JUDGE

Dated this  _2nd_  day of July, 2007.